Opinion op the Court.
IN 1785, there issued from the commonwealth of Virginia, to William Miller, a patent for three hundred and thirty acres of land. Miller thereafter contracted for the sale of the same to William Hoy, who subsequently, in 1787, executed an obligation to make a title to General Rankin, Joseph Pugh and Robert Bell. Subsequent to this, but shortly thereafter, partition lines were run, dividing the tract between Rankin, Pugh and Bell, and Rankin having transferred his interest to Shawhon, Pugh, Bell and Shawhon each took possession of his respective part, and the possession has been ever since held by them and those claiming under them. N o conveyance was ever made by Miller to Hoy, but-after receiving from Shawhon, Pugh and 'Bell, the residue of the purchase money, -which he alleged Hoy had failed to pay, Miller conveyed to Shaw-hon his part of the tract, being the land now in contest.
Under this state of facts, Hoy having departed this life, his heirs, claiming .under him, and Chiles, claiming by purchase from part of the heirs, brought this eject-, anent against Shawhon, to recover .the possession of the 'land which had been conveyed to him .by Miller; but upon proof of the foregoing facts, a verdict was found for Shawhon. A new trial.was applied far .by the plain-.tiffs in the ejectment, on the ground of the verdict being against law Sndevidence; but the application was. .overruled, and judgment , rendered in conformity witbq -the .verdict.
The .question for the decision of this court, is, ,as to ■the correctness of tbe decision of the circuit court, in overruling the plaintiffs’ application for a new tria]*
*135 From the evidence, it is perfectly clear, that the legal title to the land in contest, is in Shawhon. The only evidence of title introduced on the trial, was that of the patent from Yirginia to Miller, and the deed of Miller to Shawhon. It is, therefore, difficult to conjee* ture-, on what grounds the plaintiffs could rest their hopes of success, unless it were supposed, that as Shaw-hon received the possession from the decedent, Hoy, he would, in a contest with Hoy’s heirs, be estopped from setting up his title derived from Miller. We cannot, however, admit that Shawhon should not be allowed to avail himself in his defence, of Miller’s title. We know that it has been holden to be incompetent for a ■person in a contest with him from whom he obtained' the possession, to controvert the title of his vender, by showing an adverse paramount title in a stranger, so long as he holds under an executory contract, with his vender looking to him for a perfection of the title. But such.is not the case under consideration. Here, at the commencement of the ejectment against him, Shawhon had obtained*the title from Miller; not an adverse title to that which was claimed by Hoy, when he gave the obligation to Rankin, Pugh and Bell, but the very title which Hoy then expected to procure; to enable him to comply with his obligation, and the same title under wlffch the possession was taken by Shawhon; Before Shawhon obtained the deed from Miller, he held an equity in the land under the purchase of Ploy from Miller, and the obligation which Hoy had given to Rankin, Pugh and Bell, and in a court of chancery, he might have compelled Miller to convey the title; and ibis presumed, none will contend; that, if instead of receiving the deed from Miller without suit, Shawhon had obtained it under a decree of the chancellor, he could not have protected his possession Under it, in a contest with Hoy’s heirs. He might, unquestionably, have done so, and, we apprehend, should be allowed to do so, although the deed was made to him by Miller Without suit. In both cases, after receiving the title which he had contracted for, though ¿fot from the person who gave him possession, he no longer relied on the contract for its fulfillment, or looked to Hoy or his heirs for a title. After receiving the title, Shsiwhofi must be considered as holding the. possession adverse to all others, and in this contest g^ould- be permitted to defend *136 that possession, not only by relying upon tne validity of his own title; but by calling in aid any other evidence which would have been admissible had be never received the possession from Hoy.
The judgment must be affirmed with costs.